# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

WILLIAM MICHAEL PARK,

      Plaintiff,

v.

                                 Case No. 14-10982

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

**OPINION AND ORDER (1) SUSTAINING PLAINTIFF'S OBJECTIONS;
(2) REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
(3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT; (4) DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT; AND (5) REMANDING THIS CASE TO COMMISSIONER**

      Plaintiff William Michael Park appeals from Defendant Commissioner of Social

Security's denial of disability insurance benefits. Magistrate Judge Charles E. Binder

("Magistrate") issued a Report and Recommendation ("R. & R.") advising the court to

grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for

Summary Judgment. (Dkt. # 12.) Plaintiff filed timely objections to the R. & R. (Dkt. #

13), to which Defendant responded (Dkt. # 14). After reviewing the R. & R. and the

parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR

7.1(f)(2). For the reasons stated below, the court will reject the Magistrate's

recommendation, and will grant in part and deny in part Plaintiff's Motion for Summary

Judgement and will deny Defendant's Motion for Summary Judgement.

# I. STANDARD

## A. Timely Objections and *De Novo* Review

The filing of timely objections to an R. & R. requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the Magistrate in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. § Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. §*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. §*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

Plaintiff objects to the magistrate's R. & R. on grounds that the ALJ did not base his Step Three equivalence determination of Plaintiff's back conditions on a medical expert's testimony, and that the case should therefore be remanded for failure "to perform the requisite medical consultant analysis." (Dkt. # 13, Pg. ID 724.) The ALJ "is responsible for deciding the ultimate legal question [of] whether a listing is met or

3

equaled." SSR 96-6p, 1996 WL 374180, at *3 (July 2, 1996) (policy interpretation ruling). Nevertheless, the agency's "longstanding policy" obligates the ALJ "to receive expert opinion evidence" of a physician or psychologist "into the record" *before* making an equivalency determination. *Id.* "The basic principle behind [this rule] is that while an ALJ is capable of reviewing records to determine whether a claimant's ailments *meet* the Listings, expert assistance is crucial to an ALJ's determination of whether a claimant's ailments are *equivalent* to the Listings." *Galloway v. Astrue,* 2008 WL 8053508, at *5 (S.D. Tex. 2008) (emphasis added). The agency has made it clear that this obligation is a "responsibility" and a "requirement" of the ALJ, but can be satisfied by introducing "[t]he signature of a State agency medical or psychological consultant on a . . . Disability Determination and Transmittal Form" or similar report. SSR 96-6p, 1996 WL 374180, at *1, *3.

In most states, standard agency protocol ensures that the requisite medical opinion and signatures are obtained and inserted into the record before the case ever arrives on appeal to the ALJ. Under standard agency procedure, initial disability determinations — including equivalency determinations — are made by a team consisting of a "State agency medical or psychological consultant and a State agency disability examiner." 20 C.F.R. § 404.1615(c)(1). In a case such as this "where there is evidence of mental and nonmental impairments and a qualified psychologist serves as a psychological consultant, the psychologist will evaluate only the mental impairment, and a physician will evaluate the nonmental impairment." 20 C.F.R. § 404.1615(d). The state agency is then required to certify each determination of disability on standard SSA

4

forms.  20 C.F.R. § 404.1615(e).  Claimants dissatisfied with the initial determination are allowed to request reconsideration by the SSA, and later to appeal to an ALJ.  20 C.F.R. § 404.097.

Beginning in 1997, however, Michigan was designated as a "test" state and instructed to implement an experimental procedure for disability determinations known as the Single Decision Maker (SDM) model pursuant to 20 C.F.R. § 404.906(b)(2). Program Operations Manual System (POMS) DI § 12015.100(C).  This streamlined technique eliminates the reconsideration level of review and allows claimants to appeal directly to an ALJ.  *Pizzo v. Comm'r,* No. 13-11344, 2014 WL 1030845, *2 (E.D. Mich. March 31, 2015).  More importantly, it allows disability examiners, who themselves lack medical training, to decide cases on their own. While they are still required to consult with appropriate medical or psychological consultants, these consultants are no longer required to sign the disability determination forms.  20 C.F.R. § 404.906(b)(2); *see also Pizzo,* 2014 WL 1030845, at *2 ("Most significantly, it allowed the state agency employee (the single decisionmaker) to render the initial denial of benefits without documenting medical opinions from the state agency medical consultants.").

But, the SDM model — which governs only *initial* determinations — does not abrogate the ALJ's responsibility to receive expert opinion evidence into the record before ruling on the issue of equivalence on appeal, even though the presence of such evidence in the record is no longer a procedural given.  *Maynard v. Astrue,* No. 11-12221, 2012 WL 5471150, at *6 (E.D. Mich. Nov. 9, 2012).  POMS makes it clear that "SDM-completed forms are not opinion evidence at the appeal levels."  POMS DI

5

§ 24510.05; *see also Maynard*, 2012 WL 5471150, at *6 ("SDM finding, [sic] are not not 'medical opinion' evidence since they do not come from medical sources."). As such, the ALJ is required to solicit the medical opinion of an expert on the issue of equivalence when the record is otherwise lacking *See Barnett v. Barnhart*, 381 F.3d 664 (7th Cir. 2004). Contrary to Defendant's assertion, failure to do so necessitates remand. *Stratton v. Astrue,* F. Supp. 2d 135, 148 (D.N.H. 2012) (collecting cases); *see also Harris v. Comm'r of Soc. Sec.,* No. 12-10387, 2013 WL 1192301, at *8 (E.D. Mich. Mar. 22, 2013) ("[A] medical opinion on the issue of equivalence is required, regardless of whether the SDM model is implicated."); *Hayes v. Comm'r,* No. 11-14596, 2013 WL 766180, at *8-9 (E.D. Mich Feb. 4, 2013) ("While the ALJ did not rely on the opinions of the SDM, which would have been wholly improper, the lack of any medical opinion on the issue of equivalence is still an error requiring remand."), *adopted by* 2013 WL 773017 (E.D. Mich. Feb. 28, 2013) . While plaintiffs bear the burden of establishing that they are entitled to disability benefits, courts have recognized that social security proceedings are "inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). Therefore, an ALJ has an affirmative duty to develop the factual record upon which the decision rests. *See Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). A "decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In the instant case, the ALJ claimed his equivalency finding was "supported by the medical opinion of the state agency and/or consultative physicians" who "considered the relevant listing."  (Dkt. # 5-2, Pg. ID 53.)  Specifically, he cites the agency's October 18, 2011 Disability Determination Form and Explanation (DDE) (Dkt. # 5-3) and a September 28, 2011 report by Dr. R. Scott Lazzara to the agency (Dkt. # 5-8).  An analysis of both of these documents, however, reveal that neither constitutes expert evidence on the issue of equivalency with respect to Plaintiff's back problems.  Both will be discussed below.

The DDE was filled out and signed jointly by SDM Erin Stempin and psychologist Ron Marshall  (Dkt. # 5-3.)  While the form does address both Listing 1.04 ("Spine Disorders") and 12.06 ("Anxiety Disorders"), neither Ms. Stempin nor Dr. Marshall qualify as expert medical consultants under the regulations, and therefore do not qualify as expert testimony.  As discussed above, "findings made by SDMs are *not* opinion evidence that Administrative Law Judges . . . should consider and address in their decisions."  While Dr. Marshall was qualified to opine on Plaintiff's anxiety problems, the regulations specifically prohibit psychological consultants from commenting on a claimant's physical ailments.  *See* 20 C.F.R. §§ 404.1616(b)-(f).  As such, his commentary does not constitute expert opinion on the issue of equivalency, either.

The report by Dr. Lazzara is similarly lacking.  While he certainly qualifies as a physician under 20 C.F.R. § 404.1616(b), his report simply does not address the issue of equivalency.  (Dkt. # 5-8.)  "Where the state agency consultant had no finding on equivalence . . . [t]he ALJ should [have] obtain[ed] an updated medical expert opinion in

7

order to meet her obligation of fully and fairly developing the administrative record."
*Caine v. Astrue,* No. C09-450, 2010 WL 2102826, at *8 (W.D. Wash. April 14, 2010);
*see also Pizzo,* 2014 WL 1030845, at *2.  Because the ALJ did not do this, the court
finds that substantial evidence does not support the ALJ's finding that Plaintiff did not
have an impairment that equaled a listing.  Because this error prejudiced Plaintiff, the
court will remand this case with directions to obtain and consider an updated medical
opinion regarding whether, based on all the evidence in the record, Plaintiff's severe
impairments equal a listed impairment.

Because this matter is remanded for a medical opinion on equivalency, the court
need not address Plaintiff's second objection that the ALJ failed to properly apply the
treating physician rule.  On remand, the medical advisor must review all medical
evidence — including those of the treating physician — before reaching his conclusion.
Accordingly,

### III. CONCLUSION

IT IS ORDERED that Plaintiff's objection [Dkt. # 13] is SUSTAINED and the
Magistrate's R. & R. [Dkt. # 12] is REJECTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Dkt. #
10] is GRANTED IN PART to the extent it seeks remand and DENIED IN PART to the
extent it seeks an award of benefits.  Defendant's Motion for Summary Judgement [Dkt.
# 11] is DENIED.

Finally, IT IS ORDERED that the case is REMANDED to the Commissioner.  The ALJ must obtain and consider an updated medical opinion regarding whether, based on all the evidence in the record, Plaintiff's severe impairments equal a listed impairment.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2015, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522